UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPER FIELDS,<br><br>   Plaintiffs,<br><br>  v.<br><br>MONSANTO COMPANY,<br><br>   Defendant. | No. 2:25–cv–02042-DAD–CKD PS<br><br>ORDER |

  Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim. A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).

Here, plaintiff, a California resident, is suing defendant Monsanto "for personal injuries resulting from prolonged and involuntary exposure to glyphosate-based herbicides, including the product 'Ranger Pro.'" (Cmplt., ¶ 1.) Plaintiff asserts federal diversity jurisdiction because Monsanto is a Delaware corporation with its principal offices in Missouri, and claimed damages exceed the sum of $75,000.00 (Id., ¶¶ 7, 11.) See 28 U.S.C. § 1332(a).

Plaintiff alleges that, from 2007 to 2016, he was exposed to Ranger Pro at Folsom High School and in other public areas. (Id., ¶¶ 3, 12.) Plaintiff alleges that he began experiencing "symptoms consistent with neurotoxic exposure" in high school, including chronic fatigue, cognitive dysfunction, severe depression, anxiety, and ADHD. (Id., ¶ 15.) Plaintiff alleges that he has been "bed-bound for long periods due to illness" and that "[i]ndependent laboratory tests and environmental toxin panels confirm glyphosate was present in [his] body at elevated levels, with no other toxins detected to explain his condition." (Id., ¶¶ 14, 16.) Plaintiff attaches a copy of his 2023 environmental toxin report to the complaint as Exhibit A.

Plaintiff asserts multiple state law claims against defendant, including negligence, strict products liability, and fraudulent misrepresentation. He seeks compensatory damages including past and future medical expenses and lost income, as well as punitive damages.

For purposes of screening, the court finds that plaintiff has stated cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Service is appropriate on defendant Monsanto.
3. The United States Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4(i), including a copy of this court's order setting status conference, without prepayment of costs.
4. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the complaint, and this court's order setting status conference.
5. Plaintiff is directed to provide to the United States Marshal (501 I St., 5th Floor, Sacramento, CA 95814), within fourteen days from the date this order is filed, all information needed by the Marshal to effect service of process, including all information required for proper service of summons under Federal Rule of Civil Procedure 4 and shall file a statement with the court that said documents have been submitted to the United States Marshal, along with a copy of the information provided to the Marshal. The court anticipates that, to effect service, the U.S. Marshal will require at least:
    a. One completed summons for each defendant;
    b. One completed USM-285 form for each defendant;
    c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;
    d. One copy of the instant order for each defendant.
6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

Dated: September 23, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/fiel2042.ifp-serve