UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPER FIELDS, | No.  2:25-cv-2042-DAD-CKD (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MONSANTO COMPANY, | |
| Defendant. | |

Plaintiff Cooper Fields proceeds pro se and in forma pauperis in this action filed on July 22, 2025.  (ECF No. 1, "Compl.")  Before the court is defendant Monsanto Company's ("Monsanto's") motion to dismiss the complaint as time-barred and, alternatively, for failure to state a claim.  (ECF Nos. 12 & 13.)  Plaintiff has filed an opposition (ECF No. 14), and defendant has filed a reply (ECF No. 15).  On February 4, 2026, the motion was taken under submission without argument pursuant to Local Rule 230(g).  (ECF No. 16.)  For the reasons set forth below, the undersigned will recommend that the motion be granted, but that plaintiff be allowed to file an amended complaint re-pleading those claims not obviously time-barred.

////

////

////

1

## I.    The Complaint

Plaintiff, a California resident, brings this action against defendant Monsanto "for personal injuries resulting from prolonged and involuntary exposure to glyphosate-based herbicides, including the product 'Ranger Pro.'"  (Compl., ¶ 1.)  Plaintiff asserts federal diversity jurisdiction because Monsanto is a Delaware corporation with its principal offices in Missouri, and claimed damages exceed the sum of $75,000.00  (Id., ¶¶ 7, 11.)

Plaintiff alleges that, from 2007 to 2016, he was exposed to Ranger Pro at Folsom High School and in other public areas.  (Id., ¶¶ 3, 12.)  Plaintiff alleges that he began experiencing "symptoms consistent with neurotoxic exposure" in high school, including chronic fatigue, cognitive dysfunction, severe depression, anxiety, and ADHD.  (Id., ¶ 15.)  Plaintiff alleges that he has been "bed-bound for long periods due to illness" and that "[i]ndependent laboratory tests and environmental toxin panels confirm glyphosate was present in [his] body at elevated levels, with no other toxins detected to explain his condition."  (Id., ¶¶ 14, 16.)  Plaintiff attaches a copy of his 2023 environmental toxin report to the complaint as Exhibit A.

Plaintiff asserts the following claims against defendant: (1) negligence/gross negligence; (2) strict products liability—failure to warn; (3) fraudulent misrepresentation/concealment; (4) personal injury and emotional distress; and (5) toxic tort/public nuisance.  (Id., ¶¶ 19-27.)  He seeks compensatory damages including past and future medical expenses and lost income, as well as punitive damages.  (Id., ¶¶ 28-29.)

On September 23, 20265, the undersigned found that plaintiff stated cognizable claims for screening purposes and service was appropriate on defendant.  (ECF No. 3.)

## II.    Legal Standards for Dismissal Under Rule 12(b)(6)

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d

1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, the court does not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  A court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions," despite such documents not being physically attached to the pleadings.  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Id. (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)).

**II.    Motion to Dismiss**

**A.  Statute of Limitations**

Plaintiff filed the complaint on July 22, 2025.  Defendant argues that all claims asserted in it are time-barred.  As to the personal injury and toxic tort claims[1] (Claims 1, 2, 4 and 5, above), defendant asserts that they are barred by the applicable two-year statute of limitations, Cal. Civ. Proc. Code § 340.8(a).

In a federal diversity action brought under state law, the state statute of limitations governs.  Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp., 813 F.2d 272, 274 (9th Cir. 1987).  Section 340.8(a) provides that in any civil action for injury or illness based upon exposure to a hazardous material or toxic substance,

> the time for commencement of the action shall be no later than either two years from the date of injury, or two years after the plaintiff becomes aware of, or reasonably should have become aware of, (1)

---

[1] Claim 5 is subject to Cal. Civ. Proc. Code § 340.8(a) to the extent it is a "toxic tort" premised on personal injury.

3

> an injury, (2) the physical cause of the injury, and (3) sufficient facts to put a reasonable person on inquiry notice that the injury was caused or contributed to by the wrongful act of another, whichever occurs later.

See Nelson v. Indevus Pharm., Inc., 142 Cal. App. 4th 1202, 1209 (2006) (holding that Cal. Civ. Proc. Code § 340.8 "under its plain meaning applies to cases which allege personal injury caused by harmful chemicals"); Bekins v. AstraZeneca Pharms. LP, 739 F. App'x 884, n.1 (9th Cir. 2018) (§ 340.8 applies to negligence and product liability claims concerning prescription drug alleged to have caused kidney failure).

This statute of limitations is subject to California's discovery rule, which "delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." Bekins, 739 F. App'x 884, 886.

> A plaintiff has inquiry notice of a cause of action when she has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to her investigation. Put differently, plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation.

Id. (cleaned up, internal citations omitted). Plaintiff alleges that his exposure symptoms "began during high school," apparently between 2011 and 2015[2], yet he did not file the complaint until July 2025. Thus, defendant argues, absent the benefit of the discovery rule, all plaintiff's claims subject to § 340.8 are untimely.

In opposition to the motion, plaintiff invokes the discovery rule. He argues that he was not on notice of the personal injury claims until laboratory tests in 2023 revealed the presence of glyphosate in his system. However, on its face, the lab report was created on July 12, 2023 and generated on July 13, 2023. (Compl. at 6.) Plaintiff does not allege in the complaint that he discovered his personal injury claims on or after July 22, 2023, i.e., at least two years before filing the complaint. Even crediting plaintiff's argument that the discovery rule was triggered by his 2023 lab tests, and even if he were allowed to amend to plead as much, it appears beyond

---

[2] The lab report attached as Exhibit A to the complaint indicates that plaintiff was born in 1997. (Compl. at 7.)

4

doubt that his personal injury claims are untimely and should be dismissed.

Plaintiff's fraud claim (Claim 3) is governed by a three-year statute of limitations, as is the public nuisance claim (Claim 5) to the extent it is not based on personal injury. See Cal. Civ. Code Proc. §§ 338(b), 338(d). This statute of limitations is also subject to the discovery rule. Id. Plaintiff has not pled facts sufficient to invoke the discovery rules for these claims. However, assuming arguendo that he discovered the basis for these claims in July 2023, it does not appear beyond doubt that he can prove no set of facts that would establish the timeliness of the claims. Thus, the undersigned will not recommend that these claims be dismissed for untimeliness.

**B. Failure to State a Claim**

Defendant alternatively argues that the complaint fails to state a claim, most notably because it fails to allege that defendant caused the complained-of harms. "Plaintiff's Complaint does not include a single factual allegation supporting his conclusion that glyphosate exposure can cause chronic fatigue syndrome, major depressive disorder, generalized anxiety, or ADHD," defendant notes. (ECF No. 13 at 10.) "For example, Plaintiff does not allege that any studies have identified a causal (or other) link between glyphosate exposure and any of his alleged injuries." (Id.)

In opposition, plaintiff argues that the complaint sufficiently alleges that his exposure to glyphosate-based herbicides caused his chronic illnesses. He cites the following allegations as amounting to causation: specific locations of exposure, including school grounds; identification of the product and its active ingredient; diagnosed injuries "temporally associated with" the exposure period; and lab tests confirming the presence of glyphosate in his body. (ECF No. 14 at 4.)

To prevail a toxic tort under California law, plaintiff must "establish that the substance at issue was capable of causing the injury alleged (general causation), and that the substance caused, or was a substantial factor in causing, the specific plaintiff's injury (specific causation)." Avila v. Willits Envtl. Remediation Tr., 633 F.3d 828, 836 (9th Cir. 2011). At the pleading stage, plaintiff must "plausibly allege" general and specific causation, including facts showing he was "exposed to [the alleged toxin] at a level and for a duration that could plausibly cause [his] disease." Bodle

5

v. Johnson & Johnson Consumer Inc., 2022 WL 18495043, *1 (N.D. Cal. Feb. 24, 2022).  As in Bodle, plaintiff does not provide enough information connecting his diagnoses of mental and physical illness to his exposure to defendant's product "to establish a plausible causal chain."  See id. at 2. Thus, the complaint fails to plead injury and causation for all claims.

Moreover, as to the fraud claim, Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Under California law, the elements of fraud are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages."  Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 990 (2004) (citing Lazar v. Superior Ct., 12 Cal. 4th 631, 638 (1996)).  Plaintiff's brief and conclusory allegations as to fraud (alleging that "defendant marked and distributed glyphosate-based products . . . despite knowing the substantial risks") fail to state a claim under this standard.

Turning to plaintiff's public nuisance claim, the general rule is that public nuisance actions must be brought by government officials.  Trujillo v. Ametek, Inc., 2015 WL 7313408, *7 (S.D. Cal. Nov. 18, 2015) (citing Cty. of Santa Clara v. Superior Court, 50 Cal. 4th 35, 55 (2010); Cal. Civ. Code §§ 3493–3494).  However, a private party may bring a public nuisance action where the nuisance is "specially injurious" to the private party, beyond the harm caused by the nuisance to the general public.  Id. (citing Birke v. Oakwood Worldwide, 169 Cal. App. 4th 1540, 1548 (2009); Cal. Civ. Code § 3493).

> A plaintiff asserting a claim for public nuisance must establish the following seven factual elements: (1) the defendant created a condition or permitted a condition to exist that was, inter alia, harmful to health; (2) the condition affected a substantial number of people; (3) an ordinary person would be reasonably annoyed or disturbed by the condition; (4) the seriousness of the harm outweighs the social utility of the defendant's conduct; (5) the plaintiff did not consent to the defendant's conduct; (6) the plaintiff suffered a special injury, i.e., different from the general public; and (7) the defendant's conduct was a substantial factor in causing the plaintiff's harm.  See Cal. Civ. Jury Instr. (CACI) No. 2020 (Lexis 2021).

Wicker v. Walmart, Inc., 533 F. Supp. 3d 944, 948 (C.D. Cal. Apr. 12, 2021).  Plaintiff's brief and conclusory allegations do not sufficiently plead a claim under this standard.  In sum, all the

6

claims in the complaint are subject to dismissal for failure to state a claim, in addition to certain of those claims being time-barred. The court will recommend that the motion to dismiss be granted.

However, in light of plaintiff's pro se status, the court will recommend that plaintiff be granted one opportunity to amend in an attempt to re-plead those claims that are not obviously time-barred (fraud and public nuisance). Plaintiff should allege facts relevant to the discovery rule in any amended complaint.

## **ORDER**

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Defendant's motion to dismiss (ECF No. 12) be GRANTED;

2. Plaintiff's claims for negligence, strict products liability, failure to warn, personal injury, emotional distress, and toxic tort be dismissed with prejudice as time-barred;

3. Plaintiff be granted 30 days from the date of the order adopting these findings and recommendations to file an amended complaint re-pleading his fraud and/or public nuisance claims; and

4. Plaintiff's failure to timely file an amended complaint in accordance with this order may result in dismissal of this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the

////

////

////

////

District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 7, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/fiel2042.mtd.sol.f&rs