UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPER FIELDS,<br>Plaintiff,<br>v.<br>MONSANTO COMPANY,<br>Defendant. | No. 2:25-cv-02042-DAD-CKD PS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND AS TO ALL CLAIMS<br><br>(Doc. Nos. 12, 13, 17) |

Plaintiff Cooper Fields is proceeding *pro se* and *in forma pauperis* in the above-captioned civil action before this court on diversity jurisdiction, 28 U.S.C. § 1332. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On May 7, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion to dismiss (Doc. Nos. 12, 13) be granted and that plaintiff be granted leave to amend with respect to all claims not obviously time-barred. (Doc. No. 17.) Specifically, the magistrate judge concluded that plaintiff's personal injury claims[1] stemming from prolonged and involuntary exposure to certain herbicides were obviously time-barred under the applicable statute of limitations in light of plaintiff's own allegations as to the date of

[1] As opposed to plaintiff's fraud and public nuisance claims which the magistrate judge did not recommend be dismissed as time-barred. (Doc. No. 17 at 5.)

discovery and recommended that those claims should be dismissed without leave to amend. (*Id.* at 3–5.) In addition, the magistrate judge found that plaintiff's complaint failed to adequately plead injury and causation as to all of its claims and failed to sufficiently plead its fraud and public nuisance claim under the pleading standards applicable to such claims and that the complaint should be dismissed for failure to state a cognizable claim. (*Id.* at 5–7.) However, the magistrate judge recommended that plaintiff be granted leave to amend as to the fraud and public nuisance claims which were not obviously time-barred. (*Id.* at 7.)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) On May 13, 2026, the court received plaintiff's objections to the pending findings and recommendations. (Doc. No. 18.) On May 21, 2026, defendants filed a response to plaintiff's objections. (Doc. No. 19.)

In his objections plaintiff argues only that his personal injury claims should not be dismissed without leave to amend as time barred, contending that although he learned of the presence of glyphosate in his system from lab tests in 2023, as stated in the findings and recommendations, he was not aware that the cause of his symptoms/injuries was linked to that exposure and that defendant's purported wrongdoing was responsible until 2025. (Doc. No. 18 at 1–5.) Accordingly, plaintiff argues that he should be granted leave to amend his claims for negligence, strict products liability, failure to warn, personal injury, emotional distress, and toxic tort. (*Id.* at 4.)

Respondent argues that before the magistrate judge plaintiff merely argued that it was the 2023 lab report that triggered his delayed discovery of his claims against defendant and that he should not be allowed to take a new and different tact on objection to the findings and recommendations. (Doc. No. 2–3.) Defendant also argues that plaintiff's complaint failed to adequately allege facts in support of a 2025 delayed discovery of claims date. (*Id.* at 3–5.) The undersigned is not completely persuaded by defendant's arguments in this regard.

"A cause of action accrues 'when it is complete with all of its elements'—those elements being wrongdoing, harm, and causation.") *Pooshs v. Philip Morris USA, Inc.*, 51 Cal. 4th 788, 797 (2011) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999)) (citation modified).

"[T]he statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Bernson v. Browning-Ferris Indus. of Calif., Inc.*, 7 Cal. 4th 926, 932 (1994) (internal quotes omitted); Norgart 21 Cal. 4th at 397-398. A plaintiff's knowledge that they have been injured, alone, may be insufficient to trigger the statute of limitations. Rather, the plaintiff must also be aware that the injury was caused by the wrongdoing of another. *Fox v. Ethicon Endo-Surgery, Inc.,* 35 Cal. 4th 797, 808 (2005); *Kernan v. Regents of Univ. of Calif,* 83 Cal. App. 5th 675, 680 (2022), The reasonable suspicion on the part of a plaintiff must relate to the elements of "wrongdoing, causation, and harm." *Fox*, 35 Cal 4th at 807. Finally, under California law "a general, rebuttable presumption that plaintiffs have knowledge of the wrongful cause of an injury" and it is therefore a plaintiff's burden to allege and establish facts showing the time and manner of discovery of defendant's wrongdoing and inability to discover it earlier. *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 638 (2007).

In light of his *pro se* status, the court will not disregard plaintiff's newly raised arguments regarding the date of discovery advanced in his objections. The undersigned agrees with defendant that plaintiff's operative original complaint clearly fails to adequately allege facts to support a date of discovery in 2025 as plaintiff now asserts. However, the undersigned concludes that dismissal with the granting of leave to amend to plaintiff as to all of his claims is appropriate. Nonetheless, plaintiff is cautioned that in any amended complaint he elects to file he must allege all facts he believes support a delayed date of discovery in 2025 in light of the legal principles set forth above.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be generally supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on May 7, 2026 (Doc. No. 17) are adopted in part;

2. Defendant's motion to dismiss (Doc. Nos. 12, 13) plaintiff's complaint is granted with plaintiff also being granted leave to amend as to all of his claims;

3. Plaintiff is directed to file an amended complaint within thirty (30) days of the date of this order and is forewarned that his failure to do so within the time provided may result in the dismissal of this action; and

4. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 18, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE